Cassidy v. Kennebec and Portland Railroad Co.

———————◆———————

PHILIP CASSIDY *versus* KEN. AND PORTLAND RAILROAD CO.

Upon a petition for a jury to determine the damages caused by the location of a railroad, the County Commissioners issued their warrant, returnable before themselves, when the statute required it to be made returnable to the Supreme Judicial Court. And, although the warrant and the verdict of the jury, were *in fact* returned to this Court, as required by law, *it was held,* that the proceedings were invalid.

IN 1857, a change was made in the location of the railroad of the respondents, running through the city of Portland, by which a portion of the petitioner's land was taken. The County Commissioners awarded him the sum of one hundred dollars as a compensation for the damages sustained by him, of which he had due notice. Being dissatisfied with the amount awarded, he thereupon presented a petition to the County Commissioners, praying that a jury might be summoned to determine the damages. Upon this petition a warrant was issued.

The following are copies of the warrant and of the officer's notice thereon to the respondents : —

"State of Maine. — Cumberland ss. — To the sheriff of our said county of Cumberland, Greeting : —

"Whereas, upon the petition of Philip Cassidy, of Portland, in said county, representing that, at a Court of County Commissioners for said county, begun and holden at Portland, on the first Tuesday of June last past, (A. D. 1857,) at an adjournment thereof, held at Portland, on the thirtieth

day of September last, upon the petition of Allen Lambard, President of the Kennebec and Portland Railroad Company, they allowed and approved of the location of said company's railroad, referred to in said petition, and awarded and determined that said Kennebec and Portland R. R. Co., should pay to said Cassidy the sum of one hundred dollars, as a full and just compensation for all damages by him sustained in consequence of said location, and that notice of their said determination and award was served on him, the said Philip Cassidy, on the twenty-seventh day of October last past. And further representing, that he is aggrieved by the doings of said County Commissioners, inasmuch, as the amount awarded as aforesaid, was not a full and just compensation, and equivalent for all damages by him sustained as aforesaid, and praying that a jury may be summoned to hear and determine the matter of damages in question.

"And, whereas, on the twenty-fifth day of November, A. D. 1857, a jury was ordered to hear and determine the matter of damages in question:—

"This, therefore, is to command you forthwith to summon, as the law directs, a jury of twelve good and lawful men of said county, who shall hear and determine the matter of complaint, and particularly the damages set forth in said petition, and to decide all such matters and things that shall legally come before them at said hearing.

"And you are hereby required to give reasonable notice to the parties interested, of the times and purposes specified for the view and hearing aforesaid.

"Hereof fail not, and make return of this warrant with your doings, and also the doings of the jury thereon, to our Court of County Commissioners, next to be holden at Portland, within and for said county, on the third Tuesday of December, A. D. 1857.

"Witness, Anson Jordan, Esq., chairman of our board of County Commissioners, at said Portland, this twenty-eighth day of November, A. D. 1857.

"*Obadiah G. Cook, Clerk.*"

Cassidy *v.* Kennebec and Portland Railroad Co.

"State of Maine — Cumberland, ss. —

"To the President and Directors of the Kennebec and Portland Railroad Company, in said State of Maine. By virtue of a warrant to me directed from the Court of County Commissioners for the County of Cumberland, you are hereby notified that the tenth day of December, instant, at nine o'clock in the forenoon, and the court house in Portland, in said county of Cumberland, are the time and place, when and where, I shall cause to be empanneled and sworn, a jury of good and lawful men to inquire into the matter, as to the damage that has been sustained by reason of said Kennebec and Portland Railroad Company's track having been located over lands belonging to Philip Cassidy, of said Portland, he having appealed from the decision of the County Commissioners on your petition for estimating damages done him by the location of your road over his premises. Of all which you will please take notice, and govern yourselves accordingly. Henry Pennell, *Sheriff of County of Cumberland.*

"December 5th, 1857."

At the time appointed, a jury were empanneled, who, after examining the premises and hearing the parties, made up their verdict, awarding the petitioner damages to the amount of four hundred and twenty-five dollars.

The verdict was sealed up and delivered to the sheriff, who, according to the directions in the warrant, returned it, with the warrant, to the County Commissioners at their December term, 1857. It was opened and put on their files by their clerk. Afterwards, they discovered that, by an Act passed April 15, 1857, the warrant and verdict should have been made returnable to the next term of the Supreme Judicial Court. They, thereupon, sent for the foreman of the jury, who took the verdict, sealed it up again, and delivered it to the sheriff. The sheriff returned it to the Supreme Judicial Court at the next term, in January, and it was opened by the clerk and put on file; and afterwards, on motion of petitioner, it was confirmed.

*E. H. Davies* argued for the respondents.

*Shepley & Dana* argued for the petitioner: —

There can be no pretence but the papers were finally returned to the right Court, and the only question is, were the rights of the petitioners, under the proceedings, lost by the erroneous direction of the clerk of the County Commissioners, for the sheriff to return the papers to that body instead of the Supreme Judicial Court?

If the warrant had directed the sheriff to make return to the Supreme Judicial Court, and he had, in point of fact, at first delivered it to the Court of County Commissioners, and then received it back, and returned it to the proper tribunal, this action of the sheriff would not in any way have affected the rights of the petitioners. The mere fact that, before the verdict is received by the Supreme Judicial Court, it has been seen by another body, changes nothing, if, when it *finally* reached the Supreme Judicial Court, it does so in the form prescribed by law.

The only apparent defect in the proceedings, therefore, consists in the mere direction to the sheriff to make return to the County Commissioners.

This direction, we have seen, the sheriff disregarded, for we find him, on the first day of the term following the rendition of the verdict, returning it to the Supreme Judicial Court.

The County Commissioners had the authority to direct a jury to be summoned to act on this petition. The sheriff summoned them, and their action was regular. The parties were notified, heard, and the jury delivered their verdict to the proper officer to be returned, where? Wherever the law directed. The jury having been properly summoned, and having discharged their duty, it was not in the power of the County Commissioners, by directing the verdict of the jury to be returned to the wrong Court, to deprive the petitioners of their rights under the verdict.

The case would have been quite otherwise had there been a misdirection as to the mode of summoning the jury, or a

misstatement of the objects to be acted upon by them when together.

But there is no error suggested or perceived in the entire proceedings, save this irregularity in the order to return.

This order the County Commissioners had no authority to give to the officer, who was justified in following the directions in the warrant, so far as they were in accordance with law; and the action of the jury so empanneled was strictly legal. But when, after this proceeding, the sheriff was directed to do a void act, it was his duty to disregard the order, to act in such a manner as would be in conformity to law, and so as to preserve the vested rights of the petitioner.

The case of *Canal Company* v. *Ashley*, 15 Pick. 496, though in some respects like the case at bar, is not sufficiently parallel to be at all conclusive. That was a case of novel impression, and it will be observed that neither counsel nor the Court there cited any authorities in support of the matter finally decided.

In the case at bar, the process was undoubtedly returned to the proper Court by the sheriff, without any order or interference on the part of the County Commissioners. Upon this return to this Court, the parties were before a Court of competent jurisdiction, by a proper return of process, and, if there had been any irregularity in the proceeding, it would have been corrected by the order of the Court. (See opinion of SHAW, C. J., in above case, on p. 499.)

In that case the entire decision of the Court is based upon the fact that the warrant was not properly returned. That was not the case here. The warrant was duly returned by the sheriff to the Supreme Judicial Court, at the term next after the hearing, in accordance with the law.

The opinion of the Court was drawn up by

DAVIS, J.—The petitioner appealed from the determination of the County Commissioners in assessing the damages sustained by him in consequence of the location of the K. & P. Railroad across his premises. He entered his peti-

tion before the Commissioners, at an adjourned term, in Nov. 1857, to have his damages assessed by a jury. A warrant was issued thereupon, directed to the sheriff, and a jury duly summoned. No suggestion is made that the proceedings of the jury were not in conformity to the requirements of the statute. Their verdict was sealed up, directed to the County Commissioners, and delivered to the sheriff, who returned it to the Commissioners, according to the directions of his warrant. It was afterwards ascertained that the warrant and verdict should have been returned to the Supreme Judicial Court. The verdict had been opened; but it was handed back to the foreman of the jury, who again sealed it up, and directed it to this Court, where it was subsequently returned at the next term, as the statute requires. R. S., c. 18, § 13.

The petitioner caused the case to be duly entered, and, upon his motion, the verdict was confirmed. There was no hearing upon the motion; but the respondents claimed that, the warrant being returnable before the County Commissioners, this Court had no jurisdiction of the case. For the purpose of presenting this question to the full Court, the case is brought forward on exceptions.

The direction in the warrant to the sheriff was as follows: "Hereof fail not, and make return of this warrant, with your doings, and also the doings of the jury thereon, to the Court of County Commissioners, next to be holden at Portland, within and for said county, on the third .Tuesday of December, A. D. 1857."

This was in accordance with the statute prior to 1857. But an Act was passed that year making such warrants returnable to this Court. It is said, however, in argument, that since the sheriff disregarded the directions in his warrant, and returned it to this Court, it is not material that he was directed to return it elsewhere; that, because the statute required the warrant and verdict to be returned to this Court, the respondents were bound to take notice that it would be so returned.

Cassidy *v.* Kennebec and Portland Railroad Co.

This, at first view, appears plausible; but it will hardly bear examination. A petition for increase of damages is a distinct proceeding, by which the party respondent is impleaded in a suit at law. The warrant must not only provide for summoning a jury, but also for notice to the adverse party. What this notice shall be is not particularly prescribed by statute; but it would appear to be reasonable that the respondent should be notified, either by a copy of the warrant or otherwise, not only of the time and place of the hearing before the jury, but also of the tribunal before which the process would be returned, and the time and place of hearing thereon. Such notice does not appear to have been given in this case. If we may infer that any notice was given in regard to the time and place of return, we must presume that it was in accordance with the warrant, which was by its terms returnable to the County Commissioners.

Nor can the fact that the statute prescribed a different time and place of return, and a different tribunal, remedy the defect in the warrant. The respondents had no reason to suppose that the sheriff would return the process to any other Court than the one to which he was directed to return it. There they might go to answer; they were bound to go nowhere else. It was held, in Massachusetts, that a writ returnable before "the next term" of the Court of Common Pleas, in which the day specified was a week earlier than the day of the term fixed by the statute, could not be amended; and that no judgment could be rendered upon it. "As this is the foundation of all further proceedings, and the only mode of notice to the adverse party that he is impleaded, it seems reasonable that he should be distinctly informed, as well of the time as of the place at which his appearance is required to save his rights." *Bell* v. *Austin*, 13 Pick. 90.

In cases like the one before us, the warrant issued upon the petition is, in some respects, analogous to an original summons. Upon it, the respondents receive their first notice. They answer to it as in other suits at law. If, in a suit at common law, a writ should be issued by this Court and be made re-

turnable before the County Commissioners, the defendant could not be held to answer thereon in this Court, if the writ should be returned and the case entered here. Nor would it make any difference that the statute requires such a writ to be returned to this Court. The difficulty would be, that such a process would contain no notice to the adverse party to appear here to answer thereto. So the warrant in the case at bar gives the respondents no notice to appear before this Court. The warrant and return were but preliminary; the foundation of further proceedings. " If a mistake of the *time* of the return of a process is a fatal error, *a fortiori* is a mistake of the *forum* before which it is returnable." *Canal Company* v. *Ashley,* 15 Pick. 496.

The exceptions must be sustained, and the verdict be set aside.

TENNEY, C. J., HATHAWAY, CUTTING, MAY, and GOODENOW, J. J., concurred.